UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CREDIT PROTECTION ASSOCIATION, L.P.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION                                                                    MDL No. 2716


ORDER DENYING TRANSFER


**Before the Panel:**[*] Common defendant Credit Protection Association, L.P. (CPA) moves under 28 U.S.C. § 1407 to centralize eight actions in the Northern District of Texas. The eight actions are pending in the Northern District of Texas (two actions), the District of Arizona, the Middle District of Florida (three actions), the Southern District of Florida, and the Southern District of Texas, as listed on the attached Schedule A.[1] Responding plaintiffs oppose centralization.

On the basis of the papers filed and the hearing session held, we deny CPA's motion. These actions share certain factual issues arising from allegations that CPA violated the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, and, in some cases, state statutory law, by using an automatic dialing system to repeatedly make debt collection calls to plaintiffs' cell phones without their express consent. These factual issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time-consuming. Moreover, in two of the actions in the Middle District of Florida, discovery is set to close in early August. Centralization at this late juncture thus appears unlikely to result in substantial efficiencies.[2]

In seeking centralization, CPA cites, *inter alia*, the parties' protracted and sometimes contentious negotiations concerning the scheduling of a general Rule 30(b)(6) deposition and the deposition of CPA's former in-house counsel. Indeed, the record indicates that the relationship between the two sides' lawyers has been less than amicable.[3] Be that as it may, the Panel does not

---

[*] Judge Lewis A. Kaplan and Judge Catherine D. Perry took no part in the decision of this matter.

[1] The Panel has been informed of one additional related federal action, which is pending in the Northern District of Texas.

[2] *See, e.g., In re: Lifewatch, Inc., Tel. Consumer Prot. Act. (TCPA) Litig.*, 2015 WL 6080848, at *1 (J.P.M.L. Oct. 13, 2015) (denying centralization, in part because of the procedural disparity of the subject actions).

[3] All plaintiffs who are represented by counsel are represented by the same law firm, and a single law firm is coordinating CPA's defense in all actions.

-2-

function as an attorney disciplinary authority, and Section 1407 does not contemplate centralization for the purpose of curbing arguably questionable conduct on the part of counsel.  To the extent, if any, that the lawyers on either side of this litigation have legitimate grounds to object to their opponents' tactics in prosecuting or defending these cases, the Federal Rules provide recourse.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |

**IN RE: CREDIT PROTECTION ASSOCIATION, L.P.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION**                                                               MDL No. 2716

## SCHEDULE A

<u>District of Arizona</u>

HERMANSON v. CREDIT PROTECTION ASSOCIATION LP,
    C.A. No. 2:15-02049

<u>Middle District of Florida</u>

BLOUNT, ET AL. v. CREDIT PROTECTION ASSOCIATION, LP,
    C.A. No. 8:15-01309
RUSSO, ET AL. v. CREDIT PROTECTION ASSOCIATION, LP,
    C.A. No. 8:15-02636
MONTANEZ, ET AL. v. CREDIT PROTECTION ASSOCIATION, LP,
    C.A. No. 8:16-00267

<u>Southern District of Florida</u>

ALANIA v. CREDIT PROTECTION ASSOCIATION, LP,
    C.A. No. 1:16-21072

<u>Northern District of Texas</u>

ADAMS, ET AL. v. CREDIT PROTECTION ASSOCIATION LP,
    C.A. No. 3:15-03239
WATSON, ET AL. v. CREDIT PROTECTION ASSOCIATION LP,
    C.A. No. 3:16-00064

<u>Southern District of Texas</u>

MORRIS, ET AL. v. CREDIT PROTECTION ASSOCIATION, LP,
    C.A. No. 3:15-00154